UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL JERONIMO MEJIA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-08473-DC-AC (HC)

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR A TEMPORARY RESTRAINING ORDER

(Doc. Nos. 1, 2, 3, 4)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 4), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Respondents do not oppose the court ruling directly on the merits of the habeas petition. (Doc. No. 8 at 3.) Given that Petitioner is proceeding pro se and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition. For the reasons explained below, the court finds that Respondents violated the Immigration and Nationality Act and Petitioner's right to due process by failing to provide Petitioner with a prompt custody redetermination hearing despite his explicit request for one. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release.

/////

## BACKGROUND

Petitioner Raul Jeronimo Mejia is a native and citizen of Guatemala. (Doc. No. 1 at 2.) Petitioner entered the United States without inspection on or about September 5, 2020. (*Id.* at 9; Doc. No. 8 at 6.) Petitioner has accrued a criminal record in the United States, including a 2024 arrest for domestic violence, and a 2025 arrest for violation of his domestic violence protective order and for sex with a minor who was three or more years younger than Petitioner. (Doc. No. 8 at 2, 12–19.)

On July 29, 2026, Petitioner was detained by immigration authorities conducting a targeted operation. (Doc. No. 8 at 7.) Petitioner was issued a notice to appear dated July 29, 2026 (Doc. No. 8 at 21–23); an arrest warrant dated June 29, 2026 (*id.* at 25); and a notice of custody determination dated July 29, 2026 (*id.* at 27–28). On the notice of custody determination, Petitioner checked a box indicating his "request [for] an immigration judge review of this custody determination. (*Id.* at 27.) That request is also dated July 29, 2026. (*Id.*) On October 8, 2026, Petitioner received a custody redetermination hearing where the immigration judge denied bond finding that "evidence of [Petitioner's] recent criminal history demonstrates that [he] is a danger to the community and is a flight risk." (*Id.* at 30.) Petitioner reserved his right to appeal that determination. (*Id.* at 31.)

On October 15, 2026, Petitioner filed the pending habeas petition arguing that his continued detention violates the Immigration and Nationality Act and his Fifth Amendment right to due process. (Doc. No. 1 at 27–30.) On that same day Petitioner filed the pending motion for a temporary restraining order seeking his immediate relief. (Doc. No. 4.)

On October 21, 2026, Respondents filed their opposition in which they argue that Petitioner is detained under 8 U.S.C. § 1226(a) and has been provided all the process he is entitled to under that section, including a custody redetermination hearing, such that his continued detention is lawful. (Doc. No. 8.)

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

(citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision . . . requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

**DISCUSSION**

Petitioner argues that his arrest and continued detention violate his statutory rights under the Immigration and Nationality Act and constitutional rights under the Fifth Amendment Due Process Clause. (Doc. No. 1 at 27–30.) In their response, Respondents argue that Petitioner is lawfully detained under § 1226(a) and has already received all the relief to which he is entitled under that statute. (Doc. No. 8 at 2–3.) Respondents' opposition does not address, however, the approximately ten-week delay between Petitioner's request for a custody redetermination hearing and his receipt of that hearing.

Section 1226(a) establishes the "general rule" for the "arrest, detention, and release" of noncitizens already present in the United States "who are believed to be subject to removal." *Nielsen v. Preap*, 586 U.S. 392, 396 (2009). Section 1226(a) and its implementing regulations mandate that the government only detain noncitizens believed to be subject to removal "under the authority of Form I-200, Warrant of Arrest" issued by designated supervisory officers. 8 C.F.R. § 236.1(b). Following detention, the government "may" continue to detain such noncitizens "pending a decision on whether [they are] to be removed from the United States." 8 U.S.C. § 1226(a). The government may additionally detain noncitizens without a warrant in certain exigent circumstances not alleged here. *See* 8 U.S.C. § 1357(a)(2). Regardless of whether the noncitizen's

detention is with or without a warrant, Department of Homeland Security ("DHS") officers must conduct an initial custody determination upon the noncitizen's arrest to determine whether detention or release is appropriate under § 1226(a). 8 C.F.R. § 236.1(c)(8). The DHS officer making this initial custody determination memorializes the decision on Form I-286, notice of initial custody determination. 8 C.F.R. § 236.1(g). The notice of custody determination also includes "the formal mechanism—a box the detainee may check—to immediately request" that an immigration judge review the initial custody determination at a custody redetermination hearing. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, the noncitizen is entitled to such a hearing in immigration court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19.

This court, along with numerous others within the Ninth Circuit, have found that due process requires noncitizens who request a custody redetermination hearing to be promptly provided with one. *See Brito v. U.S. Immigr. and Customs Enf't*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *4 (E.D. Cal. Oct. 19, 2026) ("[D]ue process required [the petitioner] to be provided with a prompt custody redetermination hearing before an immigration judge."); *Cancino Castellar v. McAleenan*, 388 F. Supp. 3d 1218, 1226 (S.D. Cal. 2019) (emphasizing that there "is a recognized value to a prompt post-deprivation hearing when a fundamental liberty interest is at issue even in non-confinement cases"); *Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) ("Provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right.").

Here, Petitioner was deprived of his statutory right to a custody redetermination hearing for approximately ten weeks. Respondents offer no explanation for that delay, nor argument as to why it does not render his continued detention unlawful. Accordingly, for the reasons explained in *Brito*, the court finds that Petitioner's continued detention violates his statutory rights under the Immigration and Nationality Act and constitutional right to due process and will grant Petitioner's habeas petition and motion for a temporary restraining order. Further, as the court explained in

*Brito*, the proper remedy for this violation is Petitioner's immediate release. 2026 WL 3120979, at *4.

**CONCLUSION**

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 4) are GRANTED as follows:
   a. Respondents shall immediately release Petitioner Raul Jeronimo Mejia (A-221-403-930) from their custody;
   b. Upon his release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;
   c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;
   d. If the government seeks to re-detain Petitioner, they shall provide him with a prompt bond hearing at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;
2. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) and motion to appoint counsel (Doc. No. 3) are DENIED as having been rendered moot by this order;
3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////
/////
/////
/////
/////
/////
/////

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 23, 2026**

Dena Coggins
United States District Judge